**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 6:12-cr-121-Orl-37KRS

LUIS E. MORALES
_____

**FINAL ORDER OF FORFEITURE**

This cause is before the Court on the following:

(1) Petition for Payment of Claim of County of Volusia and Request for Hearing (Doc. 133), filed December 7, 2012;

(2) U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 157), filed January 30, 2013; and

(3) United States of America's Motion for Final Order of Forfeiture (Doc. 227), filed July 22, 2014;

No response has been filed to the Motion for Final Order of Forfeiture, and no objections have been filed to the Report and Recommendation. Further, the time to file a response and objections has passed. Upon consideration, the Court finds that the Motion for Final Order of Forfeiture (Doc. 227) is due to be granted, and the Report and Recommendation (Doc. 157) is due to be adopted and confirmed.

**DISCUSSION**

The United States requests a final order of forfeiture concerning the following property:

Address:   8 Crossing Trail, Ormond Beach, Florida 32174

> Legal: Lot 21, THE CROSSINGS, as per map or plat thereof recorded in Map Book 41, Page 64, Public Records of Volusia County, Florida
>
> Parcel ID: 4220-32-00-0210

(the "Property"). (Doc. 227.) Specifically, the United States seeks forfeiture of the Defendant's one-half interest in the Property—it does not seek to forfeit the one-half interest in the Property owned by Defendant's wife, Linda M. (Palfrey) Morales ("Morales").

The U.S. Court of Appeals for the Eleventh Circuit has held that 21 U.S.C. § 853 requires a partial forfeiture when the defendant owns real property with innocent parties. *See United States v. Fleet*, 498 F.3d 1225, 1230–31 (11th Cir. 2007) (holding that the United States can forfeit a defendant's interest in residence he owns with his wife). This is so because "[u]nlike its civil forfeiture counterpart, the criminal forfeiture statute . . . contains no innocent owner exception." *Fleet*, 498 F.3d at 1231–32 ("The fact that the innocent spouse, even though she retains her property interest, may be adversely affected by the forfeiture of her guilty mate's interest is no bar to forfeiture of his interest."). Further, a defendant's interest can be forfeited even when alienation of that interest is prohibited by state law. *See* 21 U.S.C. § 853(a) ("Any person convicted of a violation of [Title 21] shall forfeit to the United States, *irrespective of any provision of State law* . . . any of the person's property used, . . . in any manner or part, to commit, or to facilitate the commission of, such violation." (emphasis added). Thus, Morales' one-half interest in the Property poses no barrier to the United States' request for forfeiture of the Defendant's interest in the Property.

The United States published notice of the forfeiture and of its intent to dispose of the Property on the official government website, www.forfeiture.gov, from November 12,

2012 through December 11, 2012. (Doc. 134-1.) The publication gave notice to all third parties with a legal interest in the Property to file with the Office of the Clerk, United States District Court, Middle District of Florida, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120, a petition to adjudicate their interests within sixty days of the first date of publication. (*Id.*) The United States also sent notice of this forfeiture action and instructions on filing a claim to the Property, via certified and first class mail, to the only two parties believed to have any potential interest in the Property—Morales and the Volusia County Tax Collector. Thus, the United States has complied with the procedures for notice set forth in 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C).

Morales and the County of Volusia filed claims to the Property (Docs. 131, 133); the Court rejected Morales' claim (Doc. 226); and the United States entered into a settlement with the County of Volusia (Doc. 153). Pursuant to the settlement, the United States agreed that, upon entry of a judgment of forfeiture, and solely from the sale of the Property, to the extent that there are sufficient proceeds, after the deduction of government expenses relating to seizure, maintenance, custody, and disposal, it would pay the Volusia County Tax Collector the 2012 and subsequent years ad valorem and non-ad valorem real property taxes assessed up to the date of entry of the judgment of forfeiture on the Property. (Doc. 153-1, pp. 1–2.)

On January 30, 2013, Magistrate Judge Karla R. Spaulding issued a Report and Recommendation concerning the claim filed by the County of Volusia. (Doc. 157.) Specifically, Judge Spaulding recommended that the County of Volusia's request for hearing be denied and that approval of the settlement be deferred until certain ancillary matters are resolved. (*Id.*) After an independent review of the record in this matter, and

noting that no objections were timely filed, the Court finds that the Report and Recommendation is due to be adopted, and the claim of the County of Volusia (Doc. 133) is due to be denied in accordance with the settlement.

Because the United States has complied with notice procedures and the Court has disposed of asserted claims to the Property, it is appropriate for the Court to enter a Final Order of Forfeiture, pursuant to Criminal Rule 32.2(c)(2). Thereafter, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7). Section 853(h) specifically provides that, "following the seizure of property ordered forfeited . . ., the Attorney General shall direct the disposition of the property by sale or any other commercially feasible means, making due provision for the rights of any innocent parties."

Sale of the Property is the appropriate means through which the United States should dispose of its one-half interest in the Property, while protecting the interests of Morales and the County of Volusia. Once the Property is sold, and in accordance with the terms of the settlement, after the deduction of government expenses relating to seizure, maintenance, custody, and disposal, the United States shall pay the Volusia County Tax Collector the 2012 and subsequent years ad valorem and non-ad valorem real property taxes assessed up to the date of entry of the Judgment of Forfeiture on the Property. After payment to the Volusia County Tax Collector, the United States shall divide the remaining net proceeds obtained from the sale equally with Morales.

## CONCLUSION

Accordingly, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

(1)   Magistrate Judge Karla R. Spaulding's Report and Recommendation

(Doc. 157) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

(2) The Petition for Payment of Claim of County of Volusia and Request for Hearing (Doc. 133) is **DENIED** to the extent that it requests a hearing and **DENIED AS MOOT** in all other respects.

(3) Pursuant to 18 U.S.C. § 2428, 21 U.S.C. § 853(n)(7), and Federal Rule of Criminal Procedure 32.2(c)(2), the Defendant's one-half interest in the following real property is **CONDEMNED** and **FORFEITED** to the United States for disposition according to law:

<u>Address</u>: 8 Crossing Trail, Ormond Beach, Florida 32174

<u>Legal</u>: Lot 21, THE CROSSINGS, as per map or plat thereof recorded in Map Book 41, Page 64, Public Records of Volusia County, Florida

<u>Parcel ID</u>: 4220-32-00-0210

(4) Pursuant to 21 U.S.C. § 853(h), the United States shall sell the Property in a commercially feasible manner and divide the net proceeds—which shall include the sales price less the satisfaction of all taxes owed to the Volusia County Tax Collector, and the costs of possession, maintenance, repair, marketing, and sale of the property—equally with Linda Morales.

(5) Linda Morales is **DIRECTED** to provide any information and execute any documents necessary to facilitate the sale of the Property.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 12, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

The Honorable Karla R. Spaulding